## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 10 2020, 6:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alex Mendoza
Hammond, Indiana

ATTORNEY FOR APPELLEE

Daniel W. Glavin
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry Mickow,

*Appellant-Plaintiff,*

v.

AAA Insurance MemberSelect
Insurance Company,

*Appellee-Defendant*

March 10, 2020

Court of Appeals Case No.
19A-CT-1546

Appeal from the Lake Superior
Court

The Honorable Stephen E.
Scheele, Judge

The Honorable Diane K.
Schneider, Judge Pro Tempore

Trial Court Cause No.
45D05-1808-CT-481

**Altice, Judge.**

## Case Summary

[1] Larry Mickow filed a complaint against his insurer MemberSelect Insurance Company (MemberSelect) alleging breach of contract and bad faith in the handling of his underinsured motorist (UIM) claim arising from a motor vehicle collision. The trial court granted summary judgment in favor of MemberSelect, and Mickow now appeals.

[2] We affirm.

## Facts & Procedural History

[3] On August 12, 2016, Mickow and his passenger, Gregory Klen, were involved in a motor vehicle collision caused by Amanda Faye Ledger. Mickow and Klen sustained permanent injuries and incurred medical bills and lost wages. Ledger's insurers eventually paid their policy limits to Mickow totaling $50,000.

[4] At the time of the collision, Mickow had automobile insurance through MemberSelect under policy number AUTO28462267 (the Policy). On January 5, 2018, MemberSelect paid Mickow $25,000, which represented the limits of the medical payments coverage under the Policy. Thereafter, on July 28, 2018, MemberSelect received a formal demand from Mickow's attorney for $50,000 under the Policy's UIM coverage, which had a limit of $100,000.

[5] On August 2, 2018, MemberSelect tendered $25,000, which it believed to be the remaining UIM coverage due after accounting for the $50,000 collected from the tortfeasor's insurers and the $25,000 paid by MemberSelect under the medical payments coverage. Upon tendering payment, MemberSelect

requested a policy release and advised that the release was necessary. Counsel for Mickow refused the release, apparently believing that MemberSelect owed Mickow $50,000, rather than $25,000, under the UIM coverage provision.[1]

[6] One week later, on August 9, 2018, Mickow filed suit against MemberSelect based on breach of contract and bad faith.[2] Service, however, was not issued until August 22, 2018. On September 5, 2018, counsel for MemberSelect filed an appearance and sought an extension of time to answer the complaint, and MemberSelect issued "a check in the amount of $25,000 to Alex Mendoza Law LLC and Larry D. Mickow." *Appendix* at 84. This amount, according to MemberSelect, represented the remaining UIM coverage limit, which had been previously tendered. On October 26, 2018, MemberSelect answered the complaint, in part, stating affirmatively that it had paid all sums owed under the Policy and satisfied its legal obligations to Mickow.

[7] Thereafter, on January 23, 2019, MemberSelect filed a motion for summary judgment. MemberSelect designated as evidence the complaint, its answer, the Policy, and the affidavit of Shalawn Frazier, a claim specialist with MemberSelect. In response to the summary judgment motion, Mickow argued, based on a different interpretation of the Policy, that MemberSelect had not

---

[1] Mickow argued below – both implicitly in his complaint and directly on summary judgment – that the amount due for UIM coverage could not be reduced by the amount already paid to him for medical payments coverage. He does not make this argument on appeal.

[2] In the same complaint, Klen asserted similar claims against his own insurer for UIM coverage. Those parties and claims are not at issue in this appeal.

paid the full amount due for UIM coverage. He also argued that MemberSelect acted in bad faith because along with its tender of the $25,000 in August 2018, it requested a release.

[8] Following a short summary judgment hearing, the trial court issued a final order granting summary judgment in favor of MemberSelect in all respects. Mickow now appeals.

## Standard of Review

[9] We review a summary judgment ruling de novo, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). That is, drawing all reasonable inferences in favor of the non-moving party, summary judgment is appropriate if the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id*.; Ind. Trial Rule 56(C).

## Discussion & Decision

### 1. Breach of Contract Claim

[10] With respect to the claim for breach of contract, Mickow argues that as a matter of law MemberSelect has not paid the full benefits due for UIM coverage. His argument is difficult to follow.

[11] We begin by setting out what the parties agree on. First, the $100,000 limit for UIM coverage is reduced by the $50,000 paid by the tortfeasor's insurers.

Second, the Policy provides that any payment made by MemberSelect under the medical payments coverage, here $25,000, "shall be applied toward any settlement, judgment or award that [Mickow] receives under Part III – Uninsured or Underinsured Motorists Coverage." *Appendix* at 58. Finally, "MemberSelect paid … $25,000 under the [UIM] policy to Mickow and Alex Mendoza Law LLC." *Appellant's Brief* at 6.

Despite the above, Mickow contends that according to the plain language of the Policy he is still owed $8332.50 from MemberSelect for UIM coverage. His argument in this regard follows:

> [A]nalysis of the [medical payments] coverage Part II(3) of the policy specifically refers to what the insured receives, meaning what he actually *receives* in his pocket. It specifies that [medical payments coverage] payments are applied toward any "settlement" that person "receives" under the UIM coverage. Here MemberSelect did not intend for Mickow to actually receive all of the funds, and, in fact, Mickow only received $16,667.50.[3] Thus, the [medical payments coverage] payment of $25,000 is added to $16,667.50 plus the $50,000 liability limit from the tortfeasor to equal only $91,766.50, which is $8,332.50 short of the policy limit of $100,000.

*Appellant's Brief* at 9. The logic in this line of reasoning escapes us.

---

[3] Attorney fees and expenses in the amount of $8332.50 were deducted from the UIM payment by Mickow's counsel and then Mickow received the balance.

Under the plain language of the Policy, a credit for the $50,000 in payments from the tortfeasor's insurers and the $25,000 medical payments coverage payment apply to reduce the amount of UIM coverage owed to Mickow to $25,000. This is precisely the amount Mickow received from MemberSelect on August 2, 2018, and then again on September 5, 2018. It is of no moment that Mickow satisfied his attorney's fees and costs out of this UIM payment. The trial court properly granted summary judgment in favor of MemberSelect on the breach of contract claim.

### 2. Bad Faith Claim

Our Supreme Court has made the following general observations regarding an insurer's duty to deal with its insured in good faith.

> The obligation of good faith and fair dealing with respect to the discharge of the insurer's contractual obligation includes the obligation to refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim.

*Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 519 (Ind. 1993).

Here, Mickow argues that the trial court improperly granted summary judgment because MemberSelect failed to establish as a matter of law that it acted in good faith. On the contrary, MemberSelect provided undisputed evidence, via Frazier's affidavit, that it tendered a $25,000 UIM payment to Mickow within four days of his demand (a demand for twice what was actually

owed). As discussed above, the amount tendered was the full amount remaining due under the Policy. About a month later, after Mickow filed suit, MemberSelect again sent a check for $25,000 to Mickow and his attorney.

[16] Mickow asserts that MemberSelect made an unfounded refusal to pay policy proceeds, tried to exercise unfair settlement pressure, and compelled him to initiate litigation in order to recover the UIM benefits under the Policy. These assertions are apparently based on the fact that MemberSelect included a release agreement with the first tendered payment of the remaining UIM benefits.[4] The inclusion of a release agreement along with the tender of full payment under the UIM provision did not, as a matter of law, constitute bad faith. Further, Mickow's assertion that MemberSelect refused to pay the policy limits is without basis in fact. Because no factual dispute exists as to whether MemberSelect breached its duty of good faith and fair dealing, we conclude that the trial court properly granted summary judgment on this claim.

[17] Judgment affirmed.

Robb, J. and Bradford, C.J., concur.

---

[4] On appeal, Mickow makes assertions of fact that are not based on the designated evidence. For example, he claims that his counsel requested payment of the undisputed amount without a release. Frazier's affidavit, the only evidence before us, simply indicates that counsel refused the requested release. Moreover, there are no facts indicating, as suggested by Mickow, that MemberSelect misrepresented the applicable policy provisions relating to coverage issues in violation of Ind. Code § 27-4-1-4.5(1). Nor did MemberSelect offer Mickow "substantially less than the amounts ultimately recovered" in this action in order to compel him to institute litigation to recover amounts due under the Policy. I.C. § 27-4-1-4.5(7).